# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

RAYMOND E. BLAKE, :
　　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　　:
v. : Civ. No. 11-146-LPS
　　　　　　　　　　　　　　　　　　　　:
CARL C. DANBERG, et al., :
　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendants. :

Raymond E. Blake, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

# **MEMORANDUM OPINION**

June 8, 2012
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

I.  **INTRODUCTION**

Plaintiff Raymond E. Blake ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff is incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.[2]

II.  **BACKGROUND**

Plaintiff alleges that the eighteen named defendants[3] violated his rights in a chain of conspiratorial events as follows: In November 2010, Wilmington police officers drew their guns on Plaintiff, took control of his vehicle, and threatened to make him disappear if he did not cooperate with them. Plaintiff was forced to inform the police officers of drug activity and homicides. The police officers released Plaintiff, but he lost the officer(s)' number(s) and "tried to continue about [his] normal life." On January 20, 2011, the same police officers waited outside Plaintiff's mother's home and, when he exited, they held a gun to his head, "placed drug charges on" him, and took him to jail.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] The Complaint named an additional plaintiff, Leonard M. Taylor ("Taylor"). Because Plaintiff's and Taylor's claims were unrelated, a new case was opened for Taylor. (D.I. 7) The Court does not consider, and strikes, Taylor's allegations found at exhibit B of the Complaint. (D.I. 2)

[3] In August 2011, Plaintiff filed a request to dismiss Defendant Deborah Savitz. (D.I. 12)

1

While housed at the HRYCI, Plaintiff: (1) has slept on the floor; (2) was forced to sleep "around" convicted inmates; (3) is housed with three men to a cell; (4) has been denied religious services; (5) has been subjected to retaliation; (6) has been subjected to medical inadequacies; and (7) is subjected to a "ransom bond." Plaintiff claims the conditions are a result of his refusal to cooperate with the police department and arresting officers, all of whom are Caucasian.

Plaintiff seeks injunctive relief as well as compensatory and punitive damages.

### III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-

28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content

allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. <u>DISCUSSION</u>

Plaintiff alleges that all the named defendants engaged in a conspiracy to deprive him of his rights. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978). Initially, the Court notes that there are no allegations in the Complaint directed toward the named defendants. In addition, other than two dates, the allegations make no reference to when the alleged conspiratorial acts occurred.

For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him of constitutional right under color of law).

The allegations in the Complaint are conclusory. In addition, the Complaint does not contain sufficient allegations of a deprivation of Plaintiff's constitutional rights or of an agreement among Defendants to deprive Plaintiff of his constitutional rights. It also appears that

4

Plaintiff named certain defendants based upon their supervisory positions. A § 1983 claim cannot be premised upon a theory of respondeat superior; in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (not published) (citing *Iqbal*, 129 S.Ct. at 1948-49).

The Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against a defendant or alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (not published) (stating leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint.

An appropriate Order follows.